EnergyNorth v. Century, et al.        CV-97-064-M    03/08/00
                    UNITED STATES DISTRICT COURT

                       DISTRICT OF NEW HAMPSHIRE


EnergyNorth Natural Gas, Inc.,
     Plaintiff

     v.                                    Civil No. 97-64-M
                                           Opinion No. 2000DNH062
Century Indemnity Company;
Indemnity Insurance Company of North America;
Insurance Company of North America;
Lloyd's Underwriters of London;
St. Paul Fire & Marine Insurance Co.;
Utica Mutual Insurance Company; and
Westport Insurance Corporation,
     Defendants


                            **O R D E R**


     Plaintiff EnergyNorth Natural Gas, Inc. ("EnergyNorth")

moves for partial summary judgment (document no. 135) with

respect to the meaning of apparently disputed terms in insurance

policies sold to it by Defendant St. Paul Fire & Marine Insurance

Company ("St. Paul") and by Defendant Utica Mutual Insurance

Company ("Utica").  Essentially, EnergyNorth says the policies in

effect from 1974 to 1984 provide general liability coverage, are

of the "occurrence" type, and each, as a matter of law, embodies

a "continuous injury-in-fact" trigger of coverage.  Defendants

St. Paul's and Utica object, but not persuasively.

Putting aside the ultimate question of whether the policies at issue provide coverage under the pertinent facts of the case, an issue not raised by EnergyNorth's motion, and focusing on the construction dispute actually presented by the motion, it appears that the policies, as a matter of law, do embody a continuous injury-in-fact trigger of coverage theory. The language of the policies at issue is substantively indistinguishable from that construed by Chief Judge Barbadoro in EnergyNorth Natural Gas, Inc. v. Associated Electric & Gas Insurance Services, Inc., C-95-591-B. While St. Paul's and Utica devote most of their respective objections to arguing lack of coverage on the merits, they do seem to also claim that the policies embody a "manifestation" trigger theory, and therein lies the real dispute here. Whether a continuous injury-in-fact, or a manifestation theory, is embodied in the policies will necessarily determine what facts are pertinent to establishing coverage under the policies.

Adopting and applying Chief Judge Barbadoro's analysis in his Memorandum and Order dated September 30, 1998, in Associate Electric, to the occurrence policies issued by St. Paul's and Utica, it is clear that plaintiff is entitled to partial summary

2

judgment.  As a matter of law, then, the St. Paul's and Utica policies embody a continuous injury-in-fact trigger of coverage theory.

Whether coverage under those policies extends to the claims at issue remains to be proven.


Conclusion

Plaintiff's motion for partial summary judgment (document no. 135) is granted.


**SO ORDERED.**


_____
Steven J. McAuliffe
United States District Judge

March 8, 2000

cc:   Bruce W. Felmly, Esq.
      Emily G. Rice, Esq.
      Paul A. Leodori, Esq.
      Doreen F. Connor, Esq.
      John A. Guarascio, Esq.
      Michael F. Aylward, Esq.
      Kimball A. Lane, Esq.
      George w. Lindh, Esq.